NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| V.R., | No. 23-15216 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-02716-MMC |
| v. | |
| ROBLOX CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted November 16, 2023
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

V.R., a minor and former user of video game platform Roblox, appeals from

the district court's order dismissing his amended complaint for lack of subject-

matter jurisdiction. V.R. alleges that Roblox unlawfully denies minors refunds for

their purchases of Robux, a virtual currency that users buy to obtain new

characters, weapons, and other in-game benefits. V.R. filed this putative class

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

action on behalf of himself and other minor users who have purchased Robux, arguing that their purchases are either subject to disaffirmance or void *ab initio* under California law. The district court concluded that V.R.'s claims were unripe and dismissed his amended complaint for lack of subject-matter jurisdiction.

We review de novo a district court's order dismissing a complaint for lack of subject-matter jurisdiction. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (citing *Novak v. United States*, 795 F.3d 1012, 1017 (9th Cir. 2015)). We may affirm on any ground supported by the record. *Jones v. Allison*, 9 F.4th 1136, 1139 (9th Cir. 2021). We may exercise our discretion to decide purely legal issues not initially decided by the trial court. *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1110–11 (9th Cir. 2020). We affirm.

We agree that the district court lacked subject-matter jurisdiction over certain of V.R.'s claims, and the rest fail on the merits.

1. Because V.R. alleges that he does not presently play Roblox and does not intend to play Roblox again, V.R. faces no risk of being subjected to Roblox's allegedly illegal refund policy in the future. V.R. therefore does not plead the imminent and substantial risk of future harm necessary to confer standing to seek injunctive relief. *See TransUnion LLC v. Ramirez*, 594 U.S. ----, 141 S. Ct. 2190, 2210 (2021).

2. V.R. advances two theories by which his purchases of Robux are void. First, V.R. alleges that he disaffirmed his purchases by filing this lawsuit, such that the contracts became void on the day of filing. Under California law, minors may generally contract as adults, but retain the power to disaffirm contracts before or within a reasonable time after reaching the age of majority. Cal. Fam. Code §§ 6700, 6710. Disaffirmance may be made by filing suit, *Celli v. Sports Car Club of Am., Inc.*, 29 Cal. App. 3d 511, 517 (1972), and, upon disaffirmance, the minor is entitled to a refund, *Burnand v. Irigoyen*, 30 Cal. 2d 861, 866 (1947).

Under this theory, V.R. asserts an ongoing injury—Roblox's wrongful possession of his money after disaffirmance—that is not fairly traceable to any alleged misconduct by Roblox. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). If the contracts were merely subject to disaffirmance, Roblox was not precluded from contracting with minor users. *See* Cal. Fam. Code § 6700 ("Except as provided in Section 6701, a minor may make a contract in the same manner as an adult, subject to the power of disaffirmance"). Roblox does not dispute that V.R. has disaffirmed his purchases and is now entitled to a refund. V.R. does not allege that he has requested a refund from Roblox and does not plausibly allege that any refund request would be futile. V.R. alleges that Roblox's written policy is not to grant refunds "except as required by law" and that Roblox

is aware that minors are permitted by law to disaffirm their contracts. And none of V.R.'s allegations relating to how Roblox handles refunds have to do with disaffirming minors specifically. V.R. therefore does not plausibly allege that Roblox has a policy in writing or in practice of not granting refunds to disaffirming minors. Because V.R. lacks standing to seek relief under this theory, the court lacks subject-matter jurisdiction over V.R.'s declaratory judgment claim premised on disaffirmance.

Second, V.R. alleges that his purchases were void *ab initio*, such that Roblox unlawfully took possession of his money in the first place. California law precludes minors from making certain contracts, including those "relating to any personal property not in the immediate possession or control of the minor." Cal. Fam. Code § 6701(c). V.R. alleges that, by purchasing Robux, the user acquires only a limited, revocable license to use Robux for their own entertainment on the Roblox platform. Because that license is revocable, V.R. argues that his purchases of Robux constitute contracts relating to property not in his possession or control and are therefore void *ab initio* under § 6701(c). These allegations, taken as true, sufficiently establish V.R.'s standing to seek relief for Roblox's wrongful possession of his money resulting from purchases V.R. contends were void *ab initio*, an injury ongoing since the time of purchase.

3. We exercise our discretion to decide whether V.R.'s amended complaint

4

states a plausible claim for relief, which presents purely legal issues amenable to initial disposition on appeal. *Planned Parenthood*, 946 F.3d at 1111.

V.R. does not plausibly allege that his purchases are void under § 6701(c). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). V.R. argues that, because Roblox reserved the right to revoke his license to use Robux, his purchases involved property not in his sole possession or control. However, by its terms, § 6701(c) applies only to contracts involving property not in the minor's "*immediate* possession or control." Cal. Fam. Code § 6701(c) (emphasis added); *see, e.g.*, *Sisco v. Cosgrove*, 51 Cal. App. 4th 1302, 1307–08 (1996) (interpreting § 6701(c) to preclude minors from contracting with respect to future interests). V.R. cites no persuasive authority to support his proposed interpretation of § 6701(c), which would largely preclude minors from purchasing software licenses. Nor is there any reason to believe that "immediate" in this context requires the property to be in the minor's sole or exclusive possession or control. Thus, to the extent that V.R.'s declaratory judgment, Unfair Competition Law ("UCL"), and unjust enrichment claims rely on the theory that minors' purchases of Robux are void *ab initio* under § 6701(c), these claims must be dismissed.

Additionally, V.R. does not plausibly allege that Roblox has an official or de facto policy of unlawfully denying refunds to disaffirming minors, so he cannot advance UCL or unjust enrichment claims predicated on such conduct.

5

To the extent V.R. attempts to plead a UCL claim based on a theory of fraudulent misrepresentation regarding the refundability of in-app purchases, he does not plausibly allege that he relied on any actionable misrepresentation made by Roblox.[1]

**AFFIRMED.**

---

[1] V.R.'s request for judicial notice (Dkt. 14) is denied.